OPINION
Appellant City of Alliance appeals the January 12, 2000 decision of the Alliance Municipal Court, which granted Appellee Colette D. Hancox's motion to suppress evidence, and dismissed the charge against her. For the reasons discussed below, this appeal is dismissed. The incidents leading to appellee's arrest occurred on December 11, 1999, at the intersection of Webb and Fulton Avenue in Alliance, Ohio. Officer Welsh of the Alliance City Police Department was working with the narcotics unit at approximately 11:00 p.m., on the above date, along with three other police officers. Officer Welsh contends that on patrol he saw a known drug dealer approach the vehicle in which appellee was sitting. The car was idling with its lights off. The man spotted the narcotics unit vehicle and walked away. Suspecting that a drug transaction had taken place or was about to take place, the officers approached the vehicle and identified themselves. At this time, appellee dropped her hands to her lap in a "furtive" gesture. Fearing for his safety and well being, Officer Welsh of the Alliance City Police Department ordered appellee out of the car and patted her down. Upon searching appellee, Officer Welsh arrested her on a charge of possession of drug paraphernalia. Appellee pled not guilty at arraignment. The court scheduled a trial for December 27, 1999. Appellee later moved to suppress the evidence, alleging a lack of probable cause for the search. In an entry filed December 27, 1999, the court indicated that "[b]y agreement trial became suppression hearing" and took the suppression motion under advisement. The court entered a written opinion on January 12, 2000, granting appellee's motion to suppress the evidence, and dismissing the charge against appellee. The court found that the mere movement of the appellee's hands was not a sufficient basis to constitute either a reasonable articulable suspicion that a crime has, is, or will be committed or that appellee was a danger to Officer Welsh's safety, so as to entitle him to perform a search. On January 31, 2000, appellant filed a notice of appeal from the trial court's January 12, 2000 judgment entry. Appellant herein raises the following sole Assignment of Error:
 I. THE JUDGE ERRED IN FINDING A REASONABLE ARTICULABLE SUSPICION WAS LACKING SO AS TO JUSTIFY THE STOP AND FRISK OF DEFENDANT.
Appellant challenges the trial court's ruling on the suppression of the fruits of the officer's search. However, upon review of the procedural history of this case, we need not reach the merits of appellant's argument. Appellant failed to follow the appropriate procedure for a prosecutor's appeal from an order granting a motion to suppress evidence pursuant to the provisions of the Rules of Criminal Procedure. The normal time for filing a notice of appeal is within thirty days of the date of judgment entry. App.R. 4(A). However, there is a specific exemption regarding an appeal by the state provided under App.R. 4(B)(4). Pursuant to App.R. 4(B)(4), "[i]n an appeal by the prosecution under Crim.R. 12 (J)* * *, the prosecution shall file a notice of appeal within seven days of entry of the judgment or order appealed." Appellant was thus required to file its notice of appeal no later than seven days after the trial court's January 12, 2000 entry of the judgment or order. Appellant's notice, filed January 31, 2000, was therefore untimely. Additionally, Criminal Rule 12(J) specifically concerns a prosecution's appeal from an adverse judgment on a motion to suppress. When filing an appeal on such a motion, "the prosecution shall certify that: (1) the appeal is not taken for the purpose of delay; and (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." Crim.R. 12(J). Such an appeal shall be denied unless "the notice of appeal and certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion." Id. Our review of the record reveals no certifying statement asserting either appellant's purpose for this appeal or that the trial court's suppression of the paraphernalia rendered appellant's case against appellee ineffective. We are therefore unable to address the merits of this appeal. For the reasons stated in the foregoing opinion, appellant's appeal of the judgment of the City of Alliance Municipal Court, Stark County, Ohio, is hereby dismissed.
 ______________________ Wise, J.
By: Farmer, P.J., and Edwards, J., concur.